*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0285p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee*,

        *v.*                                                    No. 11-1281

TERRANCE COLES, JR.,
                    *Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:08-cr-20351-1—John Corbett O'Meara, District Judge.

Argued: July 17, 2012

Decided and Filed: August 27, 2012

Before: SUTTON and GRIFFIN, Circuit Judges; DOWD, District Judge.[*]

─────────────────

**COUNSEL**

**ARGUED:** Jeffrey P. Nunnari, Toledo, Ohio, for Appellant. Louis P. Gabel, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Jeffrey P. Nunnari, Toledo, Ohio, for Appellant. Louis P. Gabel, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. Terrance Coles, Jr., Bradford, Pennsylvania, *pro se*.

─────────────────

**OPINION**

─────────────────

DOWD, District Judge. As a result of a jury trial, the appellant Coles was convicted of seven counts of aiding and abetting the unlicensed dealing in firearms; eight counts of being a felon in possession of a firearm; one count of aiding and abetting the

───────────────────────

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1

attempted possession with the intent to distribute a controlled substance; one count of carrying and using a firearm in relation to a drug trafficking crime; and one count of conspiracy.  The district court sentenced Coles to a term of 180 months.  His appeal followed.

The evidence established a conspiracy to traffic firearms across the border of the United States into Canada at the Detroit-Windsor connection.  On seven occasions, Coles secured multiple firearms in the United States and directed co-conspirators to deliver the firearms to purchasers in Canada.  On the eighth occasion, Coles arranged to deliver up to 20 firearms in exchange for 50,000 tablets of Ecstasy.  The exchange, which the defendant was going to carry out himself on the U.S. side of the border, was scheduled to take place on June 4, 2008.  Coles was unaware that the individuals who were purchasing the firearms from him were undercover police officers in Toronto. When Coles attempted to exchange firearms for Ecstasy on June 4, 2008, ATF agents arrested him.  His indictment followed.

Appellant counsel challenges the district court's ruling that Coles waived his Sixth Amendment right to counsel, thus, requiring Coles to proceed *pro se* over his objection, and further that the district court failed to follow the instructions of *United States v. McDowell*, 814 F.2d 245 (6th Cir. 1987).

The indictment was filed on June 20, 2008 and Coles was arraigned on June 27, 2008. Coles' continuing dissatisfaction with assigned counsel delayed the jury trial until July 8, 2010.

After a determination that Coles was indigent, the district court appointed Attorney Maria P. Mannarino as counsel for the defendant.

On April 1, 2009, Attorney Mannarino filed a motion to withdraw as counsel for Coles.  In her motion, Attorney Mannarino described a recent breakdown in a hoped-for resolution leading to a collapse in the attorney-client relationship.  Attorney Mannarino stated that Coles had requested that she be removed and new counsel be appointed.  The district court granted Attorney Mannarino's motion on April 1, 2009.

One day later, the district court appointed Douglas Mullkoff to represent Coles. Four months later, on August 4, 2009, Mullkoff orally moved to withdraw from further representation of Coles.[1] On August 5, 2009, the district court granted Attorney Mullkoff's motion and on August 11, 2009, the district court appointed a third lawyer, Mark Satawa to represent Coles. On December 8, 2009, Coles' third lawyer, Mark Satawa, moved to withdraw from further representation of Coles and reported that he had received a voice mail from the defendant on December 1, 2009 asking Satawa to file a motion to withdraw from this case.

The court granted Attorney Satawa's motion to withdraw and warned the defendant of the likelihood that he might be in a position where he would have to represent himself at trial, as the court stated:

> THE COURT: Very well. Now, to date, Mr. Coles, you've had Maria Mannarino, Douglas Mullkoff and Mr. Satawa as your counsel, and I can tell you they're all competent and respected lawyers, and based upon my experience and what I know about the experience of other judges on this court, you'll find no better lawyer to represent you, if I grant Mr. Satawa's motion and allow him to withdraw....
>
> Now, we have a motion before us, and I'm going to grant that motion because of the respect I have for a defendant's need to have counsel whom they have a good relationship with and with whom they can communicate well. However, Mr. Coles, let me tell you a few things. At some point, when competent experienced counsel are informing the Court of their inability to continue to represent a defendant, one begins to suspect that the defendant is either irrationally hard to satisfy or, as an alternative, perhaps malingering or attempting to delay the trial.
>
> An alternative to all of this, which I think was suggested ..., is that you believed in this case that you could somehow improve the Government's offer of a plea arrangement and that that might have been a reason to ask for new counsel....

---

[1] During the hearing, Attorney Mullkoff, after discussing guilty plea negotiations, stated that there has been a breakdown in the attorney-client relationship to such an extent that he could not function as effective counsel and as contemplated by the Sixth Amendment. In granting the motion, the district court stated to the defendant as follows: "I will say two things to you, Mr. Coles, one is if I agree you should have another attorney and ask the Federal Defender's Office to appoint one for you, you're not going to get a better lawyer than the one you've got standing beside you right now, because there aren't any. That's the first thing. *And the second thing is, if you get another lawyer and you get to this point where you're not happy with that person, you're going to end up very likely, almost certainly you're going to end up representing yourself, which is not a good position to be in.*" (Emphasis added.) (R.130, Hr'g Tr at 5-6.)

All right. This is what I'm going to do. I'm going to grant Mr. Satawa's motion to withdraw and note in passing that he's agreed to give full cooperation with new counsel. I'm going to ask the Federal Defender's Office to appoint a new lawyer to represent you, Mr. Coles, in this matter, and we're going to set a new, firm trial date, which will have to be far enough ahead to give your next lawyer time to absorb the information necessary to prepare for trial and to do that and do the preparation.

And I'm informing you now that if you and this lawyer who's going to be appointed can't get along, and either you or the lawyer or both of you say that the representational relationship can't continue, that you're going to be representing yourself in this matter at trial, and that is in my opinion a very, very bad idea, especially when you have excellent, experienced lawyers who've attempted to help you.

(Emphasis added.) (R.132, Hr'g Tr at 4-5.)

The district court then appointed Attorney Ray Richards to represent Coles on January 14, 2010 and scheduled the trial date of July 6, 2010.

Later, the district court acknowledged that once again, Coles wanted the appointment of another lawyer and to remove Ray Richards as the assigned counsel.

Specifically, the district court addressed Coles and stated:

... Mr. Coles, am I correct that you are dissatisfied with Mr. Richards' services and would like to fire him?

THE DEFENDANT: For multiple reasons, sir, yes.

THE COURT: Yes?

THE DEFENDANT: For multiple reasons, yes.

THE COURT: I'm sorry, I didn't hear that.

THE DEFENDANT: For multiple reasons, yes.

THE COURT: I'm going to interpret that since that's the fourth lawyer you've exercised your constitutional right to represent yourself, despite the fact that there are a whole lot of good reasons why that's not something that a defendant should do.

(Emphasis added.) (R.124, Hr'g Tr at 4-5.)

As a consequence, the court began the jury trial with Coles representing himself, but with the availability of Attorney Ray Richards to remain in the case for the purpose of advising Coles as stand-by counsel.

The lengthy trial concluded with Coles' conviction and subsequent sentencing. This appeal followed.

Initially, as a reviewing court, we acknowledge the constitutional right of a defendant to defend himself in a *pro se* capacity as enunciated in *Faretta v. California*, 422 U.S. 806 (1975). Secondly, a defendant's right to assistance of counsel "does not imply the absolute right to counsel of one's choice ... [but] must be balanced against the need for the efficient and effective administration of criminal justice." *United States v. Weninger*, 624 F.2d 163, 166 (10th Cir. 1980). Third, a defendant may engage in conduct which constitutes a waiver of his right to counsel. *See United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004); *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988); *King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006).

We apply *United States v. Green*, *supra*, and find that the district court did not err in finding that Coles had waived his right to counsel following the removal of the fourth assigned counsel for Mr. Coles, Attorney Richards.

Additionally, the assigned appellate counsel for defendant Coles argues that the district court failed to follow the teachings of *United States v. McDowell*, 814 F.2d 245 (6th Cir. 1987). In *McDowell*, Judge Nathaniel Jones, employing the court's supervisory powers, stated in part as follows:

> Nevertheless, in order to avoid future appeals of a similar nature, we follow the lead of the D.C. Circuit in *United States v. Bailey*, 675 F.2d at 1297, and invoke our supervisory powers to identify the nature of the inquiry to be made and the procedure to be followed henceforth in situations where an accused seeks to waive representation by counsel and proceed *pro se*. A model inquiry for district judges is set forth in 1 *Bench Book for United States District Judges* 1.02-2 (3d ed. 1986). For convenience, it is reproduced in the appendix to this opinion. In the future, whenever a federal district judge in this circuit is <u>faced with an accused who wishes to represent himself in criminal proceedings</u>, the

model inquiry or one covering the same substantive points along with an express finding that the accused has made a knowing and voluntary waiver of counsel, shall be made on the record prior to allowing the accused to represent himself.

(Emphasis added.) *McDowell,* 814 F.2d at 249-50.

In this case, it is apparent from a review of the record, that the district court did not engage in an exact model inquiry as set forth in the *Bench Book for United States District Judges*. We turn to the question whether the failure of the district court judge to engage Coles in the exact model inquiry constitutes reversible error.

First, we observe that the district court on several occasions warned Coles of the difficulty he would encounter in self-representation as Coles continued to object to assigned counsel. As the issue of Attorney Satawa's representation was under consideration, the district court provided Coles with the following advice:

> THE COURT: ... I believe you are intelligent and articulate and that you are prepared to impress the Court, perhaps you have impressed counsel with that fact.
>
> I don't believe you're a lawyer, however, and if you want the best possible representation you can have in the case with 39 counts and the possibility that if there are multiple convictions on those counts, there could be consecutive sentences, I think you better think long and hard about doing it yourself.
>
> It isn't that there's anything wrong with your head. You're a very bright guy, I think, but it's that you're not a lawyer. You don't know the Court Rules. You don't know the Federal Rules of Criminal Procedure, and you're being unfair to yourself, in my opinion, if you don't have Mr. Satawa, for instance, who's now appointed, there with you at the trial.

(R.131, Hr'g tr at 11.)

On the day the jury trial began, the Court again addressed Coles and advised him of his belief that he would be better off with his stand-by counsel, Mr. Richards, representing him. Again, Coles rejected representation by Richards and the trial commenced with Richards as stand-by counsel representing him.

We find no reversible error even though the district court did not use the exact model inquiry set forth in the *Bench Book*. The district court was not faced with an accused who wished to represent himself, but rather with an accused who effectively waived his right to counsel by his conduct. Moreover, as indicated, the district court advised Coles on several occasions with respect to the difficulties in self-representation. Additionally, Attorney Richards was available throughout the trial as stand-by counsel, and subsequent to Coles' conviction, assisted him during the sentencing proceedings.

We see no reason in the context of our supervisory powers to instruct district court judges how to proceed when a defendant has, by his conduct, waived his right to counsel. We leave it to district court judges to determine how best to deal with a defendant, who by his or her conduct, has waived the right to counsel.

Lastly, we acknowledge that the defendant has filed a separate *pro se* brief challenging other aspects of his trial. The primary issues raised by Coles' *pro se* brief focus on the denial of his motion for a continuance after the district court excused Attorney Richards on the date the trial was scheduled and the district court's denial of Coles' request for an entrapment defense instruction. We have carefully reviewed the entire record and find no merit in the arguments raised in Coles' *pro se* brief.

As a consequence, the conviction and sentence of Coles is AFFIRMED.